**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Dr. Jeffrey Alexander, | |
| Plaintiff, | Case No. 1:25-CV-04915 |
| v. | |
| Weil Foot and Ankle Institute, LLC d/b/a Weil Foot & Ankle Institute, | Judge John Robert Blakey |
| Defendant. | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Dr. Jeffrey Alexander sues his former employer, Weil Foot and Ankle Institute, LLC ("Weil"), alleging violations of the Americans with Disabilities Act ("ADA") and Title VII Civil Rights Act of 1964 ("Title VII"). [9] ¶ 1. Defendant moves to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6). [16] at 3. For the reasons explained below, this Court grants Defendant's motion in part, and denies it in part.

**I.     Complaint Allegations**

Plaintiff's complaint alleges the following facts, which the Court accepts as true for the purposes of this motion. On or about July 2014, Weil hired Plaintiff as a physician. [9] ¶ 14. Throughout his employment, Plaintiff alleges he performed his duties and received positive reviews. *Id.* ¶ 15.

On or about December 1, 2022, Plaintiff disclosed his major depressive disorder to Defendant's chief operating officer, who then passed the information on to

Defendant's chief executive officer. *Id.* ¶¶ 16–17. Around this time, Plaintiff requested an accommodation to increase his medical assistant support hours. *Id.* ¶ 16. Despite other similarly situated employees having full or part-time access to additional medical assistants, Defendant denied Plaintiff's request. *Id.* ¶ 19. Plaintiff made this request multiple times and increased his clinic hours per Defendant's request to support a full-time medical assistant, but Defendant denied his requests each time. [9] at ¶ 20; [9-3].

Following a suicide attempt, Plaintiff sought and took leave under the Family and Medical Leave Act ("FMLA") to attend a residential treatment facility at Compass Health Care in June 2023. [9] at ¶ 21. Unlike other employees who had taken FMLA leave, Defendant suspended Plaintiff's access to his work email. *Id.* ¶¶ 22–23.

After the treatment facility's care team determined Plaintiff was fit to return to work, Plaintiff contacted Defendant. *Id.* ¶ 24. Defendant requested that Plaintiff undergo assessment through the Multidisciplinary Comprehensive Assessment Program of Chicago ("MCAP"). *Id.* ¶ 25. Plaintiff alleges that the assessment was conducted without a physician or licensed medical or mental health professional. *Id.* ¶ 26. Following the assessment, MCAP issued a report with findings and recommendations. *Id.* ¶ 27. Plaintiff expressed willingness to comply with some of MCAP's recommendations but questioned others, like a recommendation for a for-profit rehabilitation program treating "cannabis use disorder." *Id.* ¶ 28. Plaintiff

alleges Defendant refused to entertain his questions or offers to obtain alternative assessments. *Id.*

In his search for alternative assessments, Plaintiff consulted with three addiction specialists. *Id.* ¶ 29. Each found that he did not suffer from cannabis use disorder and otherwise disputed the necessity of a rehabilitation program. *Id.*

On or about August 19, 2023, Plaintiff alleges that Defendant terminated him while still on FMLA leave and refused to let him return to work. *Id.* ¶ 30; [9-1]. Following his termination, Plaintiff filed a charge of employment discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on May 23, 2024, citing his 2023 termination. *Id.* ¶ 10; [9-1]. In the charge, Plaintiff alleges:

> I began my employment with the Respondent in or around July 2014. My most recent position was a Physician. Respondent was aware of my disability. During my employment, I was subjected to discipline. I complained to my Respondent. Subsequently, on or about August 19, 2023. [sic] I was discharged while on medical leave. I believe that I have been discriminated against because of my disability, and in retaliation, in violation of the Americans with Disabilities Act of 1990, as amended.

[9-1].

On or about April 10, 2025, Plaintiff received notice of his right to sue from the EEOC. [9] ¶ 12; [9-2]. Plaintiff now sues Defendant for disability discrimination in violation of the ADA (Count I) and retaliation for exercise of rights under Title VII (Count II). Defendant moves to dismiss both claims under Rule 12(b)(6).

3

## II.     Legal Standard

### A.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all inferences in the plaintiff's favor. *Esco v. City of Chicago*, 107 F.4th 673, 679 (7th Cir. 2024). Courts are not, however, "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic" recitations of the elements of a cause of action are not enough. *Id.* The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Esco*, 107 F.4th at 679 (citing *Twombly*, 550 U.S. at 555). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Twombly*, 550 U.S. at 556).

## III.     Analysis

Defendant moves to dismiss all of Plaintiffs' claims, and the Court considers the parties' arguments as to each of the claims below.

Defendant first argues Plaintiff failed to exhaust his administrative remedies because his claims in his EEOC charge are not like or reasonably related to the allegations in Plaintiff's amended complaint. [16] at 7. ADA plaintiffs must first file a charge with the EEOC before bringing a court action against an employer. *Whitaker v. Milwaukee Cty.*, 772 F.3d 802, 812 (7th Cir. 2014). Plaintiffs are generally barred from raising claims that not already raised in their EEOC charge, unless the claim is "reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Id.* (quoting *Green v. National Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999)). Defendant argues that because Plaintiff did not include allegations in his EEOC charge about Defendant's failure to accommodate his requests for more medical staff support, Counts I and II are not reasonably related to the EEOC charge. [16] at 9–10.

A failure to exhaust administrative remedies is an affirmative defense to Counts I and II, but it must be properly raised under a 12(c) motion for judgment on the pleadings. *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). Rule 12(c) permits a party to move to dismiss claims only "after the pleadings are closed." Fed. R. Civ. P. 12(c). The pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) (citing *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). The pleadings have not closed in this case as Defendant has not answered the Amended

5

Complaint. *Mosely*, 434 F.3d at 533; *N. Indiana Gun*, 163 F.3d at 452 ("Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer"). Because the pleadings have not closed, Defendant's motion for judgment on the pleadings is premature, and thus, the Court denies Defendant's Rule 12(c) motion without prejudice.

Plaintiff's second count alleges that Defendant retaliated against him for his request for reasonable accommodations in violation of Title VII. [9] ¶¶ 46, 47, 50. Defendant moves to dismiss this claim because it is not brought under the applicable statute: the ADA. [16] at 11.

The pleading standards for retaliation claims are similar under Title VII and ADA. *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009) (Courts "look to Title VII retaliation cases for guidance in deciding retaliation cases under the ADA"). To state a claim for retaliation under either the ADA or Title VII, a plaintiff must allege that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the statutorily protected activity and the adverse employment action. *Koty v. DuPage Cnty., Illinois*, 900 F.3d 515, 519 (7th Cir. 2018); *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015).

Despite this, the protections differ between the statutes. Title VII covers unlawful employment practices and retaliation on the basis of an individual's "race, color, religion, sex, or national origin." *Tarpley v. City Colleges of Chicago*, 87 F. Supp. 3d 908, 913 (N.D. Ill. 2015) (citing 42 U.S.C. § 2000e–2(a)(1)). Individuals with

6

disabilities, however, do not qualify as a protected class under Title VII. *Ruben v. Potter*, No. 06 C 2441, 2007 WL 2875674 at *1 n.2 (N.D. Ill. Sept. 28, 2007). Instead, the ADA protects individuals with disabilities from discrimination and provides access to reasonable accommodations. 42 U.S.C. § 12101 *et seq.*; *Tarpley*, 87 F. Supp. 3d at 913; *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 814–15 (7th Cir. 2015) (Plaintiffs assert rights under the ADA by raising a claim of discrimination or seeking an accommodation). Additionally, seeking an accommodation qualifies as an activity statutorily protected under the ADA. *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 549 (7th Cir. 2008). Thus, a retaliation claim for ADA-protected activity must proceed under an ADA retaliation claim, not Title VII. *Tarpley*, 87 F. Supp. 3d at 913 (citing *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003)); *Aku v. Chicago Bd. of Educ.*, No. 17-CV-1226, 2018 WL 2984819 at *9 (N.D. Ill. June 14, 2018).

Here, Plaintiff alleges Defendant retaliated by terminating him after he requested an accommodation for his major depressive disorder. [9] ¶¶ 16, 46, 47, 50. Because a request for accommodations for a disability is an ADA-protected activity, Plaintiff cannot proceed on a Title VII retaliation claim as alleged. *Mobley*, 531 F.3d at 49; *Tarpley*, 87 F. Supp. 3d at 913. Accordingly, the Court dismisses Plaintiff's retaliation claim without prejudice and grants leave to amend.

## IV.    Conclusion

For the reasons explained above, this Court grants in part, and denies in part, Defendant's motion to dismiss, [16]. Namely, the Court denies Defendant's

7

motion as to discrimination (Count I) but grants the motion to dismiss the retaliation claim (Count II).

Dated: March 23, 2026

John Robert Blakey
United States District Judge

8